UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GRADY EUGENE CHAPPELL                                              PETITIONER

VERSUS                                         CIVIL ACTION NO. 1:24-CV-15-LG-RPM

BURL CAIN                                                          RESPONDENT

## REPORT AND RECOMMENDATION

Grady Eugene Chappell filed on November 9, 2023, a civil rights lawsuit, which included claims related to his pre-trial detention in Harrison County on carjacking charges. *See Chappell v. City of Biloxi Mississippi et al*, Civil Action No. 1:23-cv-314-TBM-RPM. In his complaint, Chappell raised the following claims: (1) pre-indictment delay; (2) denial of speedy trial; (3) cruel and unusual punishment; (4) equal protection violation; and (5) ineffective assistance of counsel. At the time he filed the civil rights action, Chappell was a pre-trial detainee. By order dated January 17, 2024, the Court severed Chappell's habeas claims related to the criminal charges and opened the instant § 2241 petition. Doc. [1]. While this petition was pending, Chappell entered on May 7, 2024, a guilty plea in Harrison County Circuit Court on the carjacking charges. Doc. [33-1] at 4-5. Consequently, he is currently serving a ten-year sentence in custody of the Mississippi Department of Corrections. *Ibid.* Chappell later filed on May 10, 2024, in Harrison County Circuit Court a motion to withdraw guilty plea. *Id.* at 10-13. On June 18, 2024, he also filed a motion for post-conviction collateral relief in Harrison County Circuit Court. Doc. [33-2]. These motions remained pending when Respondent filed a copy of the state court record on November 22, 2024.

On November 25, 2024, Respondent filed a motion to dismiss the federal habeas petition based on Chappell's failure to exhaust state remedies. Doc. [34]. Chappell filed a response essentially confessing that he has not fully exhausted state remedies and requesting that this Court stay his habeas petition to toll the one-year limitations period. Doc. [35].

## Law and Analysis

When Chappell filed his habeas petition, he was a pre-trial detainee. Thus, his petition would have been considered under § 2241. However, he subsequently entered a guilty plea; therefore, the Court construes his petition as now falling under § 2254. *See Clark v. Hubbard*, No. 1:21-CV-228-TBM-RPM, 2022 WL 3575289, at *2-3 (S.D. Miss. Mar. 4, 2022). To the extent Chappell's claims seek pretrial habeas relief, those claims are now moot. *See id.* at 3. Even if not moot, it is undisputed that Chappell did not exhaust state remedies prior to filing his § 2241 petition. *See Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) ("With respect to collateral attack on convictions in state court, the requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions."); *Johnson v. Cain*, 2015 WL 10438640, at *5 (E.D. La. June 4, 2015) ("the failure to exhaust theory applies equally to Section 2241 and Section 2254 petitions). Regardless, some of Chappell's claims theoretically could result in release from state custody. For example, his ineffective assistance of counsel claim challenges the validity of his conviction, which is properly maintained pursuant to § 2254 rather than § 2241. *See Putnam v. Rios*, 2007 WL3356200, at *1 (S.D. Miss. Nov. 8, 2007). The undersigned thus construes Chappell's petition as falling under § 2254. *See Clark*, 2022 WL 3575289, at *3. In the motion to dismiss, Respondent argues Chappell failed to exhaust state remedies prior to filing the instant habeas petition.

"Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *see also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Section 2254 provides in pertinent part, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that... the applicant has exhausted the remedies available in the courts of the State." § 2254(b)(1)(A). Further, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c).

To exhaust, prisoners must give state court systems the full opportunity to resolve federal constitutional claims through the established state appellate review process prior to filing in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Generally, the prisoner must present his claims before the state's highest court in a procedurally proper manner. *Id*. The Mississippi Uniform Post-Conviction Collateral Relief Act provides an available procedure in state court. *See* Miss. Code Ann. § 99-39-1 et seq. This statute provides an avenue for an inmate to challenge his incarceration based upon a claim that "his conviction or sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi." *See* Miss. Code Ann. § 99-39-5(1)(a); *see Smith v. State*, 291 So. 3d 1140, 1141 (Miss. Ct. App. 2020). If the trial court denies an inmate relief on his PCR motion, he has the further right to appeal to the Mississippi Supreme Court. § 99-39-25(1).

In his response to Respondent's motion to dismiss, Chappell essentially concedes that he has not exhausted state remedies and asks the Court to hold his federal petition in abeyance. As of the date of Respondent's motion, Chappell's motion for post-conviction relief and motion to

withdraw guilty plea remained pending in state court. He has not yet presented his claims to the state's highest court. Clearly, he had not exhausted available state remedies prior to initiating federal habeas proceedings. Thus, he has not satisfied the exhaustion requirement for § 2254. Based on the foregoing, the undersigned finds his petition should be dismissed without prejudice for failure to exhaust available state remedies.

To the extent Chappell requests that his petition be stayed and held in abeyance, this request is denied. Stays are only available in limited circumstances. *Rhines v. Weber*, 544 U.S. 269, 278 (2005); *see Neville v. Dretke*, 423 F.3d 474, 479 (5th Cir. 2005). "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there [is] good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines,* 544 U.S. at 277. The Supreme Court has held that a stay and abeyance is only appropriate when three requirements are met: (1) there is good cause for the petitioner's failure to exhaust his claims first in state court; (2) the unexhausted claims are not plainly meritless; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 278. Chappell has not presented a good cause argument. In his request for stay, Chappell seeks to toll the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year limitations period. Assuming *arguendo* that his June 18, 2024, PCR motion was "properly filed," it has the effect of tolling the AEDPA's one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Villegas v.* Johnson, 184 F.3d 467, 469 (5th Cir. 1999). Moreover, Chappell has not attempted to show that his unexhausted claims have merit. Accordingly, the Court finds his request to stay and hold in abeyance should be denied.

**RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Respondent's [34] Motion to Dismiss be GRANTED and that Grady Eugene Chappell's petition for writ of habeas corpus be dismissed without prejudice based on his failure to exhaust state remedies.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 27th day of May 2025.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE