IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GRADY EUGENE CHAPPELL**                                                    **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 1:24-cv-15-LG-RPM**

**BURL CAIN**                                                                       **DEFENDANT**

## ORDER ADOPTING [36] REPORT AND RECOMMENDATION

Magistrate Judge Robert P. Myers recommends granting the [34] Motion to Dismiss. The Court finds that the Report and Recommendation [36] should be adopted and Chappell's [38] Objection should be overruled.

"[P]arties filing objections must specifically identify those findings objected to." *Battle v. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (citation omitted), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996). The Court reviews *de novo* any objected-to portions of a report and recommendation. The Court considers the entire record developed before the Magistrate Judge and makes its own determination from the record. *United States v. Raddatz*, 447 U.S. 667, 675 (1980). These objections must be specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Battle*, 834 F.2d at 421 (citation omitted). A district court need not "reiterate the findings of the magistrate judge" in its determination. *Hernandez v. Livingston*, 495 F. App'x 414, 416 (5th Cir. 2012) (per curiam) (citing *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993)).

Here, most of Chappell's Objection reasserts his original allegations, and he does not specifically object to portions of the Report and Recommendation. Chappell rests part of his objection on 42 U.S.C. § 1997e's *administrative* exhaustion. The statute is inapplicable here because this claim is not a 42 U.S.C. § 1983 action. *See Muhammad v. Close,* 540 U.S. 749, 750 (2004) (internal citation omitted) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus [(§ 2254)]; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."). Because Chappell seeks relief under 28 U.S.C. § 2254, he must exhaust his *state court* remedies. *See* 28 U.S.C. § 2254(b)(1)(A); § 2254(c); *O'Sullivan v. Boerckel,* 526 U.S. 838, 844–45 (1999).

In addition, the bulk of his Objection discusses factual merits for the Court's consideration rather than addressing or identifying specific findings of Judge Myer's Report or Recommendation. Magistrate Judge Myers thoroughly considered Chappell's arguments in the Report and Recommendation, and so the Court need not reiterate his findings. *See Hernandez*, 495 F. App'x at 416 (citing *Koetting*, 995 F.2d at 40). The Court, having conducted a *de novo* review of the record, finds that the Report and Recommendation is well-reasoned, and that Judge Myers appropriately applied the law to the facts in this case. *Raddatz*, 447 U.S. at 675.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Report and Recommendation [36] entered by United States Magistrate Judge Robert P. Myers,

-3-

Jr. on May 27, 2025, is **ADOPTED** as the opinion of the Court.  Plaintiff Grady Eugene Chappell's Objection [38] is **OVERRULED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff Grady Eugene Chappell's Petition for Writ of Habeas Corpus [27] be **DISMISSED** without prejudice.

**SO ORDERED AND ADJUDGED** this the 25th day of June, 2025.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE